**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4293
_____

CHAI YI SHAO,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A93-397-278)
Immigration Judge: Honorable Eugene Pugliese

_____

Submitted Under Third Circuit LAR 34.1(a)
September 23, 2010

Before:  AMBRO, CHAGARES and ALDISERT, Circuit Judges

(Opinion filed: September 24, 2010)
_____

OPINION
_____

PER CURIAM

    Chai Yi Shao seeks review of a final order of removal.  For the reasons that

follow, we will deny the petition for review.

I.

Petitioner Chai Yi Shao ("Shao") is a native and citizen of China. He entered the United States at an unknown time and place, and conceded eligibility for removal. He applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), predicated on his fear of persecution based on his opposition to China's coercive family planning policy and because of his illegal departure from China. At his immigration hearing, Shao testified that his wife, who is still in China with their son, had a forced abortion after becoming pregnant for the second time in 2005. The Immigration Judge ("IJ") denied asylum relief, finding that Shao was not credible, and that in any event he had not demonstrated past persecution or a well-founded fear of future persecution. The IJ also concluded that Shao failed to meet the burden of proof for withholding of removal or CAT relief.

The Board of Immigration Appeals ("BIA") did not adopt the IJ's adverse credibility decision, but nonetheless affirmed, finding that Shao had not met his burden of proof under any of the applicable standards. Shao filed a timely petition for review.

II.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). See Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir. 2001). "Where the BIA renders its own decision and does not merely adopt the opinion of the IJ, we review the BIA's decision, not that of the IJ." Wong v. Att'y Gen., 539 F.3d 225, 230 (3d Cir.

2

2008) (citation omitted). We review factual findings for substantial evidence, upholding them "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see also Dia v. Ashcroft, 353 F.3d 228, 262 (3d Cir. 2003) (en banc). BIA determinations as to burden of proof will be upheld if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

III.

To establish eligibility for asylum, Shao must demonstrate either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See Vente v. Gonzales, 415 F.3d 296, 300 (3d Cir. 2005). Shao initially claimed past persecution, based on his wife's alleged forced abortion. This claim is now foreclosed by this Court's opinion in Lin-Zheng v. Attorney General, 557 F.3d 147, 156-57 (3d Cir. 2009) (en banc). However, the spouse of someone who has been forced to undergo an abortion may establish eligibility for asylum by demonstrating that he was persecuted or has a well-founded fear of persecution for his "other resistance" to a coercive population control program. Id. at 157. The BIA concluded that Shao did not satisfy this burden. The evidence in the record does not compel a contrary conclusion. See Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004).

The BIA first found that it could not consider Shao's "other resistance" argument

3

on appeal because he did not raise this issue before the IJ. Petitioner argues that this finding was incorrect, and that he did present the argument to the IJ. He testified before the IJ that he accompanied his wife to a private doctor to have her IUD removed, and, once pregnant, hid her at his aunt's home to avoid detection by family planning officials. He argues that his conspiracy with his wife to subvert China's policies constitutes "other resistance." As a result of his resistance, he claims that he suffered persecution when his unborn child was aborted and because he now has a wife who suffers from health problems as a result of the abortion. He states that he fears further persecution if returned to China on account of his resistance and because of his illegal departure from China.

However, as the government points out, the BIA made an alternative finding, stating: "Even were we to [consider Shao's 'other resistance' argument], [Shao] did not show that he was persecuted on account of such resistance." Shao was never confronted directly by family planning officials, was never detained or assaulted, did not argue that his wife could not have had the IUD removed without his assistance, and did not present any evidence that there would be any consequences against him for accompanying her. Therefore, the BIA's alternative finding is supported by the record.

Finally, substantial evidence also supports the BIA's determination that Shao failed to show a well-founded fear of persecution because he left China illegally. The BIA properly noted that prosecution for illegal departure does not qualify a person for asylum, and that there is insufficient evidence to show that persons repatriated to China

4

after an illegal departure face torture or persecution.  See, e.g., <u>Wang v. Ashcroft</u>, 368 F.3d 347, 350 (3d Cir. 2004).  Accordingly, Shao has not met his burden of proof for asylum relief.

As Shao has failed to meet the burden for asylum, he fails to meet the higher burden for withholding of removal under 8 U.S.C. § 1231(b)(3).  See <u>Lukwago v. Ashcroft</u>, 329 F.3d 157, 182 (3d Cir. 2003).  Likewise, the record does not support his claim for CAT protection.  See <u>id.</u> at 182-83.  Accordingly, the BIA properly denied CAT relief.

IV.

For the foregoing reasons, we will deny the petition for review.  Shao's request for oral argument is denied.  His motion for a stay of removal is denied as moot.

.